IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOYLE WAYNE BINGHAM, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00262-G (BT) |
| | § | |
| JOEL HENSLEE, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Doyle Bingham, a Texas prisoner, filed a *pro se* civil action against Defendant Joel Henslee. The Court granted Bingham's motion for leave to proceed *in forma pauperis* and withheld issuance of process pending preliminary screening. For the following reasons, the Court recommends that Bingham's claims be dismissed for lack of subject matter jurisdiction.

I.

On February 3, 2020, the Court received a *pro se* complaint from Bingham alleging Henslee raped and molested him when he was sixteen years old. Compl. 1 (ECF No. 3). He states that he is suing Henslee for "mental anguish, mental rehabilitation, pain and suffering" and that he seeks $1,850,000 in damages. *Id.* He further states that Henslee "sexually assaulted him and raped him, in violation of the First and Eighth Amendments." *Id.* 2. The Court also sent Bingham a Magistrate Judge's Questionnaire seeking additional information regarding the

1

basis for the Court's jurisdiction and other facts regarding his claims. Questionnaire (ECF No. 7). Now having screened the complaint and Bingham's answers to the Questionnaire, the Court finds that it lacks subject matter jurisdiction and therefore Bingham's claims must be dismissed.

II.

Bingham's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Additionally, 28 U.S.C. § 1915(e) provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative

level[.]" *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II.

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

The Court liberally construes pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under the most liberal construction, however, Bingham has failed to allege facts supporting federal question or diversity jurisdiction. The complaint does not present a federal cause of action. Although Bingham mentions the First and Eighth Amendments, *see* Compl. 2, he fails to plead any facts that would support a civil rights claim. Rather, Bingham asserts

3

only possible state law claims for mental anguish against Henlsee, a private actor. In his response to the Magistrate Judge's Questionnaire, Bingham specifically denies that Henslee is a governmental employee. Questionnaire 3. Additionally, Bingham does not allege that he and Henslee are citizens of different states. Instead, Bingham confirms that he and Henslee are both citizens of Texas. *See* Compl. 1 & Questionnaire 2. The Court should therefore dismiss Bingham's claims for lack of subject matter jurisdiction.

### III.

For the foregoing reasons, the Court should dismiss Bingham's claims without prejudice for lack of subject matter jurisdiction.

Signed November 13, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).